IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE LEE ALLEN | § | |
| (TDCJ No. 1697664), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-659-D-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,[1] | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Ronnie Lee Allen, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court should deny the application for the reasons explained below.

### Applicable Background

In 2010, Allen was convicted of two aggravated robbery offenses, and he was sentenced to life imprisonment as to each. *See State v. Allen*, Nos. F10-00894-L & F10-00896-L (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex.). His convictions and sentences were affirmed on appeal. *See Allen v. State*, Nos. 05-11-00056-CR & 05-11-00057-CR, 2012 WL 2106530 (Tex. App. – Dallas June 12, 2012). And the Texas Court of Criminal

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and, as his successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

Appeals (the "CCA") refused Allen's petitions for discretionary review. *See Allen v. State*, PD-0844-12 & PD-0845-12 (Tex. Crim. App. Jan. 16, 2013).

Allen sought habeas review in the state courts, and the CCA denied both petitions without a written order on the findings and conclusions of the trial court, made without a live hearing. *See Ex parte Allen*, WR-82,244-01 & -02 (Tex. Crim. App. Oct. 22, 2014); *see also* Dkt. No. 12-7 at 92-102 (state habeas court findings of fact and conclusions of law and counsel's affidavits).

The following are the facts underlying Allen's convictions and sentences as set out by the Dallas Court of Appeals:

> Viewed in a light most favorable to the verdict, the evidence shows the complainants, Shukla, owner of Aarti Jewelers, and Patel, Shukla's employee, were robbed in the jewelry store in Dallas County on October 29, 2008 at about 12:30 p.m. The robbery was recorded on multiple surveillance cameras. The first robber, later identified as appellant, entered the store wearing glasses, a cap, and a blazer. He asked to see a gold necklace and earrings, and Patel waited on him at Shukla's request. Patel began showing jewelry to appellant while Shukla was bringing out more merchandise. Shortly thereafter, a second robber entered the store wearing army fatigues and a hat. The second robber was taller and bigger than the first robber. The second robber asked to see a diamond engagement ring, allegedly for his girlfriend. As Shukla was in the process of showing him a ring, the second robber grabbed Shukla by the neck and pulled him down. There was a scuffle in which Shukla was shoved into a jewelry case, and he managed to push a panic button.
>
> At approximately the same time, appellant grabbed Patel and forced her to the ground, pointed a gun at her, told her not to move and to close her eyes. Appellant wrapped a scarf around Patel's head. Patel testified she was afraid the robber would kill her or do serious bodily injury to her. Shukla, in his struggle with the second robber, was injured when he was thrown into the overturned jewelry case. Shukla managed to run to his office after appellant pointed a pistol at him. In a matter of minutes, the two robbers fled the store.

Also within a matter of minutes, officers from the Richardson Police Department arrived, and began to process the scene and take statements from the complainants. While examining the premises, Officer Lee found a handkerchief on the floor in the area where Patel had been attacked. Patel said the handkerchief was not hers and she did not know how it got in the location where it was found. Officer Lee stayed with the handkerchief until it could be turned over to Officer Ivey, a crime scene technician. Ivey photographed and bagged the handkerchief and maintained the proper chain of custody in the Richardson Police Department.

The evidence bag was examined by Trisha Kacer, a forensic scientist in the DNA section of the Department of Public Safety laboratory. Kacer found sufficient DNA on the handkerchief for comparison purposes and submitted a DNA profile of same into the CODIS database. The database returned a match with appellant's DNA. Richardson police obtained a search warrant for appellant, and a buccal swab was obtained from him. A comparison of the DNA on the swab with the DNA from the handkerchief rendered an overwhelming mathematical conclusion that the DNA on the handkerchief belonged to appellant.

Ernie Van Der Leest, a certified forensic video analyst, reviewed the videotape surveillance footage showing the robbery. Part of what Van Der Leest was asked to do was to track the handkerchief in appellant's hand throughout his time in the store. By combining the surveillance camera footage from the various cameras, Van Der Leest made a video recording that focused on the handkerchief in appellant's hand from the time he entered the store until the time he attacked Patel. The evidence shows appellant wiped his hands and face with the handkerchief. After appellant attacked Patel, the video showed an object on the ground that was not there before the attack. Additionally, Van Der Leest used a video technique known as reverse video projection to determine appellant's height in the video. He opined from this procedure that the assailant in the video was five feet, eight inches tall. The book-in sheet for appellant when he was jailed for these offenses showed his height as five-eight.

*Allen*, 2012 WL 2106530 at *1-*2.

In his federal habeas application, Allen presents four grounds for relief – that the evidence at his trial was insufficient; that the trial court erred by "sponsoring evidence that was neither authenticated nor identified"; that his trial counsel was

constitutionally ineffective, because counsel failed "to investigate, contact and call [an] alibi witness"; and that his counsel on direct appeal also was constitutionally ineffective, because counsel failed "to raise [a] meritorious issue on appeal." Dkt. No. 1; *see also* Dkt. No. 2 (brief in support).

### Legal Standards

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g., Dowthitt*, 230 F.3d at 756-57 (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713; *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2

(2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."

*Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. ___, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision

was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny

relief." *Harrington*, 562 U.S. at 98.

## Analysis

Insufficient-evidence and trial-court-error claims [Grounds 1 and 2]

The Dallas Court of Appeals addressed Allen's sufficiency-of-the-evidence argument on direct appeal, *see Allen*, 2012 WL 2106530 at *2-*3, and, ultimately, the state court of appeals rejected this, his sole, point of error, *see id.* at *3 ("When the DNA evidence is coupled with evidence that placed the handkerchief in appellant's possession immediately before the robberies and up to the point where he dropped the handkerchief to the floor in the store, behind the jewelry counter where Patel was assaulted, a finding that appellant committed these robberies was a rational finding that his guilt was established beyond a reasonable doubt." (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))). Because Allen did not file a petition for discretionary review, the CCA never considered this claim on direct review.

When Allen presented his sufficiency arguments to the state habeas trial court, that court found, at least implicitly, that they were not cognizable, stating that Allen "apparently raised the same issues" on direct appeal and noting that "[a] writ is not a rerun of an appeal." Dkt. No. 12-7 at 95 (citations omitted). *See also Bessire v. Quarterman*, No. 4:07-cv-597-Y, 2009 WL 54257, at *2 (N.D. Tex. Jan. 8, 2009) ("Under Texas law, while an allegation of 'no' evidence is cognizable in a state habeas proceeding, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding." (citing *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App.

2004); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994))).

That finding was affirmed by the CCA's disposition of Allen's state habeas petitions. *See Brantley v. Stephens*, No. 4:13-cv-883-A, 2014 WL 4960668, at *3 (N.D. Tex. Oct. 4, 2014) ("The Texas Court of Criminal Appeals has confirmed that when a state habeas applicant challenges the sufficiency of the evidence in a state habeas application, and it subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable." (citing *Grigsby*, 137 S.W.3d at 674)).

And where, like here, a habeas petitioner "raised his sufficiency-of-the-evidence claim on direct appeal" but "did not file a petition for discretionary review in the [CCA] raising the issue," and "in denying the claim without written order on postconviction habeas review, the [CCA] necessarily applied the bar to the claim," the CCA's "denial of the application was based on an independent and adequate state procedural ground such that [Allen's] sufficiency claim is procedurally defaulted." *Id.* at *3 (citing *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir.2004); *Grigsby*, 137 S.W.3d at 674).

An exception to this procedural bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). But, because Allen has failed to demonstrate cause and actual prejudice, and because he also has failed to assert the "fundamental miscarriage of justice" exception,

the Court should deny this claim as procedurally barred.

Similarly, Allen's claim of trial court error has not been presented to the CCA, either through a petition for discretionary review or as a claim in his state habeas application. *See* Dkt. No. 12-7 at 92-102. This failure contravenes the requirement that a petitioner must fully exhaust state remedies before seeking federal habeas relief by, in Texas, submitting the factual and legal basis of any claim to the CCA in a procedurally correct manner. *See* 28 U.S.C. § 2254(b)(1)(A); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Allen's unexhausted trial-court-error claim is also procedurally barred, because Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5; *cf. Coleman*, 501 U.S. at 735 n.1 (Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.").

Texas's statute precluding successive habeas claims except in narrow circumstances, *see* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5, is a codification of the judicially created Texas abuse-of-the-writ doctrine, *see Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have

found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001). Again, Allen fails to show that an exception applies by demonstrating cause and actual prejudice or by asserting that "fundamental miscarriage of justice" excuses his procedurally default of this claim. Accordingly, the Court also should deny this claim as procedurally barred.

In sum, the Court should deny Allen's first and second grounds for relief.

Ineffective-assistance-of-counsel ("IAC") claims [Grounds 3 and 4]

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of
> counsel's trial strategy, "a court must indulge a strong presumption that
> counsel's conduct falls within the wide range of reasonable professional
> assistance; that is, the defendant must overcome the presumption that,
> under the circumstances, the challenged action might be considered
> sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

    "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011). "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

    To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus,

-12-

"the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

-13-

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ____, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 134 S. Ct. at 17, 13)).

Allen claims that his trial counsel failed to investigate and then obtain testimony from an alibi witness and that his counsel on direct appeal failed to raise a meritorious issue on appeal. The state habeas trial court made the following findings as to these claims:

> Appellate counsel did challenge the authentication of the handkerchief, albeit through an attack on the sufficiency of the evidence. Allen has not shown how he was prejudiced by raising the issue in this manner. The affidavit of appellate counsel John Tatum is attached. He avers that there were no other meritorious issues to raise. The court finds the affidavit to be credible. No basis for relief is presented.

> Allen claims that trial counsel was ineffective for failing to produce Dr. Key as an alibi witness. However, Allen has not tendered any affidavit from Dr. Key and has failed to demonstrate that Dr. Key would have been available at trial and would have provided an alibi defense. The court will not speculate on what that testimony would have been. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983).

> Further, according to the affidavit of counsel, Allen voluntarily agreed to abandon the alibi claim at trial, since that defense was deemed untenable. The affidavit of Richard Franklin, the trial attorney, is attached hereto. The Court know[s] Mr. Franklin and finds his affidavit to be credible. No basis for relief is stated.

Dkt. No. 12-7 at 95-96.

These conclusions, based in large part on the state court's credibility determinations, do not amount "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)); *cf. Pippin v. Dretke*, 434 F.3d 782, 791-92 (5th Cir.2005) (a state habeas court's findings as to the credibility of an affiant "are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts" (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir.1999))).

The Court should therefore deny Allen's third and fourth grounds for relief.

## Recommendation

The Court should deny the application for writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE