IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE LEE ALLEN (TDCJ No. 1697664), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-659-D-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>

The claim of the denial of a constitutional right with respect to the admission of a handkerchief at the state criminal trial that was presented in the *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner Ronnie Allen (the "Authentication Claim") is again before the Court after the United States Court of Appeals for the Fifth Circuit granted Allen a certificate of appealability ("COA") and vacated the Court's judgment dismissing that claim. *See Allen v. Davis*, No. 17-10093, ___ F. App'x ___, 2017 WL 6349454 (5th Cir. Dec. 12, 2017) (per curiam).

The Court should deny the Authentication Claim for the reasons explained below.

### Applicable Background

In 2010, Allen was convicted of two aggravated robbery offenses, and he was

sentenced to life imprisonment as to each. *See State v. Allen*, Nos. F10-00894-L & F10-00896-L (Crim. Dist. Ct. No. 5, Dallas Cty., Tex.). His convictions and sentences were affirmed on appeal. *See Allen v. State*, Nos. 05-11-00056-CR & 05-11-00057-CR, 2012 WL 2106530 (Tex. App. – Dallas June 12, 2012). And the Texas Court of Criminal Appeals ("CCA") refused Allen's petitions for discretionary review ("PDR"). *See Allen v. State*, PD-0844-12 & PD-0845-12 (Tex. Crim. App. Jan. 16, 2013).

Allen sought habeas relief in the state courts, and the CCA denied both petitions without a written order on the findings and conclusions of the trial court, made without a live hearing. *See Ex parte Allen*, WR-82,244-01 & -02 (Tex. Crim. App. Oct. 22, 2014); *see also* Dkt. No. 12-7 at 92-102 (state habeas court findings of fact and conclusions of law and counsel's affidavits).

This Court denied Allen's Section 2254 habeas application in full on December 23, 2016. *See* Dkt. Nos. 16, 18, & 19.

## Legal Standards and Analysis

The Authentication Claim – the second claim raised in Allen's federal habeas petition, that the state trial court erred by admitting the handkerchief – is the sole issue now before the Court. *Compare Allen*, 2017 WL 6349454, at *1 ("[T]he case is remanded to the district court for consideration of Allen's claim of the denial of a constitutional right with respect to the admission of the handkerchief."), *with* Dkt. No. 1 at 6, 8-10 (urging that the state "trial court committed determinative plain error by sponsoring evidence" – the handkerchief – "that was neither authenticated nor identified").

While Allen did raise this claim in a PDR, which he filed *pro se*, *see* Dkt. No. 12-3 at 6 ("The [Dallas] Court of Appeals upheld a misapplication of Texas Rules of [ ] Evidence 901(a) and 901(b)(1), which was proper in method, but was unsupported by tangible evidence which resulted in the erroneous admission of real evidence that was neither authenticated nor identified"), Allen admits that this issue was not first raised to the Dallas Court of Appeals on direct appeal, *see* Dkt. No. 1 at 11, 13 (raising as the fourth claim in his federal habeas petition that his state appellate counsel was ineffective for not raising this issue on appeal); *see also Allen*, 2012 WL 2106530, at *1 ("On appeal, appellant brings a single point of error, contending that the evidence was legally insufficient to support the convictions. We disagree and will affirm.").

"[R]aising a claim *for the first and only time* in a petition for discretionary review does not satisfy the exhaustion requirements of 28 U.S.C. § 2254." *Myers v. Collins*, 919 F.2d 1074, 1075 (5th Cir. 1990) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989); emphasis in original). But, here, Allen again raised the Authentication Claim in his state habeas application. *Cf. Bledsue v. Johnson*, 188 F.3d 250, 254 n.8 (5th Cir. 1999) ("[A]t no time have we suggested that pursuing relief in the [CCA] in both a petition for discretionary review and in an application for a writ of habeas corpus is necessary to satisfy the exhaustion requirement. Only one avenue of post-conviction relief need be exhausted." (citation omitted)).

And, in its findings of fact and conclusions of law, the state court found this claim and Allen's related, sufficiency-of-the-evidence claim – the claim raised and addressed on direct appeal – both to be not cognizable:

> On his direct appeal, Allen apparently raised the same issues regarding the authentication of the handkerchief. Although the appeal issue was framed as an attack on the sufficiency of the evidence, the appellate court specifically found that the item was properly authenticated. A writ is not a rerun of an appeal. An applicant is prohibited from raising claims that could have been raised on direct appeal.

Dkt. No. 12-7 at 95 (citations omitted).

A federal court will not reach the merits of claims denied by a state court on state procedural grounds if the state-law grounds are independent of the federal claim and adequate to bar federal review. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified by Martinez v. Ryan*, 132 S. Ct. 1309, 1315, 1316-19 (2012). "[T]he Texas rule that claims that should have been, but were not, raised on direct appeal are procedurally barred in state post-conviction habeas review, *see Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996), is [ ] an adequate state ground to bar federal habeas review, *see Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005); *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004)." *Murphy v. Davis*, No. 3:09-cv-1368-L-BN, 2016 WL 8652347, at *9 (N.D. Tex. Nov. 29, 2016), *rec. accepted*, 2017 WL 1196855 (N.D. Tex. Mar. 31, 2017). And Allen has failed to establish cause and actual prejudice for this default or that failure to consider the Authentication Claim now will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. That claim is therefore procedurally barred.

The undersigned acknowledges, however, that, as Allen's PDR and his habeas applications have all been filed *pro se*, it is possible that the Authentication Claim as raised in the PDR was addressed to some extent on direct appeal, in the Dallas Court

of Appeals's sufficiency-of-the-evidence analysis:

> Though appellant does not directly challenge the science or math of the DNA evidence, he does make tangential claims concerning the identity of the handkerchief that is the centerpiece of the State's case. He avers the State failed to prove the handkerchief containing DNA belonged to him. He claims the evidence showed a white object fell to the floor and was present when the crime scene investigator photographed it. Appellant's handkerchief was not white, but multi-colored. However, the video expert explained this difference, *viz* the brightness of the overhead lights in the jewelry store cast a glare on the handkerchief, making it appear as if it were white in color. This was a reasonable conclusion by Van Der Leest upon which the jury could rationally base a decision.

*Allen*, 2017 WL 6349454, at *3; *see also, e.g.,* Dkt. No. 12-3 (PDR) at 7 ("The case stands or falls on identifying the striped multicolored handkerchief as being the white object seen in the suspect's hand on the video. The handkerchief's relevance to this case is paramount. Yet, such importance does not exclude it from the rigorous standard of admissibility via Rules of Evidence.").

"[T]he mere fact that the same claim was barred from review by the state court on post-conviction habeas review because it had already been raised and rejected on direct appeal does not prevent the claim from being considered in federal court." *Murphy*, at *9 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 804 n.3 (1991); *Bennett v. Whitley*, 41 F.3d 1581, 1582-83 (5th Cir. 1994)).

Accordingly, if the Authentication Claim is not procedurally defaulted, it is based on an application of the Texas Rules of Evidence and therefore "does not rise to the level of a constitutional violation unless the ruling is so egregious that it renders the petitioner's trial fundamentally unfair." *Battles v. Stephens*, Civ. A. No. V-15-041, 2016 WL 1357912, at *2 (S.D. Tex. Jan. 27, 2016) (citing *Brecht v. Abrahamson*, 507

U.S. 619, 637 (1993); *Fuller v. Johnson*, 114 F.3d 491, 498 (5th Cir. 1997); *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005)), *rec. adopted*, 2016 WL 1367296 (S.D. Tex. Apr. 5, 2016), *C.O.A. denied*, 2017 WL 3222994 (5th Cir. June 19, 2017); *see, e.g., Nelson v. Thaler*, No. 3:06-cv-1562-M-BH, 2010 WL 4629988, at *13 (N.D. Tex. July 31, 2010) ("[F]ederal courts 'do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding' in habeas actions." (quoting *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999))), *rec. accepted*, 2010 WL 4627717 (N.D. Tex. Nov. 2, 2010).

Because Allen has not shown that the state evidentiary rulings as to the handkerchief were incorrect – much less that those rulings resulted in his being denied "a constitutionally fair proceeding" – to the extent that the Authentication Claim is not procedurally defaulted, that claim is not cognizable on federal habeas review.

**Recommendation**

The Court should deny Petitioner Ronnie Allen's claim that he was denied a constitutional right with respect to the admission of handkerchief.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

-6-

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 8, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE